IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SCOTLAND WILLIAMS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-15-207 |
| WESTERN MARYLAND REGIONAL MEDICAL CENTER | * | |
| WILLIAM A. MAY, M.D. and DONALD L. LLOYD, R.N. | * | |
| | * | |
| Defendants | | |

***

# MEMORANDUM

The above-captioned case was filed together with a motion to proceed in forma pauperis. Because plaintiff appears indigent, his motion will be granted.

The self-represented complaint alleges that plaintiff, a state inmate housed at the North Branch Correctional Institution, was transported to the Western Maryland Regional Medical Center on February 21, 2012, because he had suffered a seizure. ECF No. 1 at 2. Plaintiff states that routine medical tests revealed he was in good health. However, William A. May, M.D. ordered a urine sample to be obtained from Williams before he was discharged. *Id*. Plaintiff states that an unidentified female clinician who gave him the specimen cup warned him that a penile catheter would be used if he refused to provide a urine sample. Plaintiff stated that a catheter would not be used and requested water because he was thirsty and it would help him urinate. Plaintiff was told that he could not have any water and the woman left the room. *Id*.

Later, Donald Lloyd, R.N. came into the room and asked whether plaintiff was going to provide the urine sample. Plaintiff stated he would but it would be a while unless he got some water. Lloyd responded that plaintiff could stay there all night but he would not receive any

water. *Id*. Lloyd advised plaintiff that the doctor had requested the urine sample to check whether plaintiff had used any drugs which may have caused the seizure. Plaintiff responded that he did not use drugs. *Id*. at 3.

Minutes later Lloyd returned and forcibly catheterized plaintiff while plaintiff was restrained on the bed. *Id*. at 3. Plaintiff states the pain was excruciating and he yelled for Lloyd to stop. Lloyd instructed plaintiff to stop struggling as it would make it hurt even more. Plaintiff states that he "must have temporarily blacked out from the pain because [he does] not recall when he finished." *Id*.

Plaintiff alleges that his rights to privacy, liberty, and substantive due process as guaranteed under the Fourteenth Amendment were violated. *Id*. at 4. Further, he states that the forced catheterization violated his rights under the Eighth and Fourth Amendments. *Id*. at 4-5. Lastly, he claims that defendants' conduct constituted an assault and battery as defendants failed to secure plaintiff's informed consent to the procedure. *Id*. at 5.

This court may preliminarily review a complaint and dismiss it pursuant to 28 U.S.C. § 1915(e) prior to service if satisfied that the complaint states no legal basis for the relief sought. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996). The instant complaint presents both state law[1] and federal constitutional claims.

None of the named defendants are state officials. In limited circumstances, seemingly private conduct can be the subject of a §1983 suit. This Circuit recognizes "four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state;

---

[1] Actions for assault and battery arise out of state law.

(2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). The conduct allegedly committed by defendants does not fall within these four categories of conduct, and therefore is deemed private conduct that is not an action of the state. *See Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). The civil rights claims plaintiff asserts against the defendants in the instant case must, therefore, be dismissed.

To the extent plaintiff has a viable state claim against any of the named defendants, this court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c). When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims, without prejudice, rather than retain supplemental jurisdiction. *See Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

A separate Order follows.

<u>March 17, 2015</u>　　　　　　　　　　　　　　　/s/<u>　　　　　　　　　　　　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　　　United States District Judge